UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENARO HAMILTON,

                         Plaintiff,

  - against -                                                   **COMPLAINT**

THE CITY OF NEW YORK,
BRIAN J. ZUPO, individually, and
WINSTON I. COURTNEY, individually,

                                                          **Jury Trial Demanded**

                       Defendants.
------------------------------------------------------------------X

Plaintiff DENARO HAMILTON, by his attorneys, CAMPANELLI & ASSOCIATES, P.C., as and for his complaint, respectfully alleges as follows:

## I     Introduction

1. The plaintiff, Denaro Hamilton, brings this action to seek redress for the deprivation of his property without regard to his well-settled constitutional rights.

2. Specifically, the defendants, the City of New York, Brian J. Zupo and Winston I. Courtney, have deprived the plaintiff of his rights, secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizures, and to be free from State deprivations of his property without *Due Process* of law.

3. On July 23, 2023, defendants NYPD Detective Brian J. Zupo ("defendant Zupo"), NYPD Detective Winston I. Courtney ("defendant Courtney"), and the New York City Police Department ("NYPD") made a warrantless seizure of a 2017 Chrysler 200 motor vehicle belonging to the plaintiff.

4. At the time of such seizure, defendants Zupo and Courtney were, and remain, detectives employed by the NYPD, assigned to the 70th Precinct located at 154 Lawrence Avenue, Brooklyn, NY 11230.

5. Defendants Zupo and Courtney seized the plaintiff's vehicle without a warrant or any exception to the warrant requirement and caused it to be towed to an undisclosed location under the control of the NYPD.

6. The plaintiff has made repeated requests for the release of his vehicle, but his requests have been ignored by the defendants, who have no basis for retaining continuing possession of the plaintiff's vehicle, as there is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants have violated the plaintiff's constitutional rights by affording the plaintiff no pre-seizure notice, pre-seizure hearing or post-seizure hearing.

7. Despite not having any basis to continue to deprive the plaintiff of his automobile, the defendants refused to release the plaintiff's vehicle when an attorney representing the plaintiff made multiple successive written demands for the release of same.

8. As a result of the foregoing, the defendants have both (a) made an illegal seizure of the plaintiff's property and (b) have deprived the plaintiff of his property on a continuing basis without *Due Process* of law, in violation of the plaintiff's U.S. Constitutional rights afforded protection under the Fourth, Fifth and Fourteenth Amendments, and concomitantly, the plaintiff is entitled to obtain redress pursuant to 42 U.S.C. §1983.

## II    Jurisdiction and Venue

9. This is a civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendant.

10. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

11. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for an inter-related state law claim which has arisen from the occurrences giving rise to the Federal Claims and which have a common nucleus of operative fact.

12. The plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

13. The plaintiff seeks reasonable attorneys' fees as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

14. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred within the County of Queens.

### III    The Parties

15. Plaintiff DENARO HAMILTON is an individual residing in Brooklyn, New York.

16. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

17. The New York City Police Department (hereinafter referred to as the NYC PD) is an Agency of the defendant, the City of New York.

18. Upon information and belief, at all relevant times described herein, defendant Brian J. Zupo was an individual employed by the New York City Police Department as a Detective, with an actual place of employ at the New York City Police Department, 70th Precinct, at 154 Lawrence Avenue, Brooklyn, NY 11230

19. Upon information and belief, at all relevant times described herein, defendant Winston I. Courtney was an individual employed by the New York City Police Department as a Detective, with an actual place of employ at the New York City Police Department, 70th Precinct, at 154 Lawrence Avenue, Brooklyn, NY 11230.

### IV    Preliminary Facts

20. At all relevant times described herein, the plaintiff, DENARO HAMILTON, was, and remains, the owner of a 2017 Chrysler 200 automobile bearing Vehicle Identification Number 1C3CCCAB5HN07419.

21. On or about July 23, 2023, the defendants seized the plaintiff's vehicle and caused it to be towed away and taken to an undisclosed location within the possession of the NYPD.

22. For the eight (8) months that have passed since then, and continuing to date, the defendants have failed and refused to release the plaintiff's vehicle despite having received multiple written demands from the plaintiff (through his attorney) for the release of his vehicle.

23. The defendants received those requests, ignored them, refused to release the plaintiff's vehicle, and continued to deprive the plaintiff of his use and possession of same.

24. As is clearly-established law of which any police Detective would be aware, under the constraints of the 14th Amendment to the United States Constitution, the defendants cannot: (a) seize someone's motor vehicle without a warrant, or an exception to the warrant requirement, or (b) deprive the owners of such vehicles of *Due Process*, while effectuating a *continuing deprivation* of their vehicles.

25. As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, when the NYCPD seizes and seeks to retain possession of a motor vehicle for purposes of seeking its forfeiture, it must provide the owner of such vehicle with a prompt "retention hearing," which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2nd Cir.2002).

26. As has also been ruled against the NYCPD, if the PD seizes and seeks to retain continuing possession of a motor vehicle to be used as evidence in a criminal proceeding, it must make a prompt application for a Court order to retain the vehicle, must serve a copy of any retention order it has obtained within ten days after such order has been obtained, and must afford the owner of the vehicle with an opportunity to challenge the granting or continuance of any such order.

27. In the absence of obtaining such an order and providing such notice and opportunity to be heard to the owner of the seized vehicle, the *Due Process Clause* of the 14th Amendment requires the NYCPD to release the respective vehicle back to its owner immediately.

28. Having seized and continued to deprive the plaintiff of the use and possession of his motor vehicle while having afforded him no pre-seizure or post-seizure hearing, the defendants have deprived the plaintiff of his property without *Due Process* of law in violation of the plaintiff's U.S. Constitutional rights.

### CLAIM FOR RELIEF

#### COUNT ONE

**Violation of Civil Rights Pursuant to title 42 U.S.C. 1983
(Deprivation of Property Without Due Process and Deprivation by
Unreasonable Seizure in violation of the Fourteenth and Fourth
Amendments to the United States Constitution)**

29. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "28" herein above, with the same force and effect as if fully set forth at length herein.

30. The defendants acted under color of state law to deprive the plaintiff of his property interests and rights to own, use, and possess his motor vehicle by seizing and retaining his vehicle without providing any form of notice or hearing whereat the plaintiff could challenge the defendants' rights to seizure and retain continuing possession of his vehicle, thereby depriving him of same on a continuing basis.

31. The defendants' initial seizure of the plaintiff's vehicle was wrongful and violated the Fourteenth Amendment guaranty of Due Process because the plaintiff was afforded no opportunity for a pre-seizure hearing with adequate notice, and there were no exigent circumstances justifying a pre-hearing seizure.

32. The detention of the plaintiff's vehicle was wrongful and violated the Fourteenth Amendment guaranty of Due Process because the defendants afforded the plaintiff no post-seizure hearing at which to challenge the defendants' continued retention of the plaintiff's vehicle on a continuing basis and they had failed to obtain any Court order authorizing them to retain the plaintiff's vehicle.

33. As a direct and proximate result of the defendant's violation of the plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and plaintiff's right to Due Process under the Fourteenth Amendment to the United States Constitution, the plaintiff has suffered damages in having been deprived of the use and possession of his automobile, and being deprived of his ability to use it in the course of his employ, thereby preventing him from continuing his employ which required the use of the vehicle and concomitantly causing him to suffer a loss of income.

34. Under federal law, the plaintiff is entitled to an order directing the defendants to release the plaintiff's vehicle to the plaintiff immediately.

35. Under New York substantive law, the plaintiff is entitled to damages equal to the fair market rental value of his vehicle for the entire period during which the defendants deprived him of its use without having afforded him *Due Process* Kuwait Airways Corporation v. Ogden Allied Aviation Services, 726 F.Supp. 1389 (E.D.N.Y.1989), MCI Worldcom Network Services v. Pecrete Construction Inc., 2006 WL 559664 (S.D.N.Y. 2006), Mountain View Coach Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188 Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co. 105 Misc. 595, 173 NYS 437 (1919), as well as his loss of income and other damages sustained as a result of having been deprived of his vehicle on a continuing basis.

36. All of the injuries described herein above were actually and proximately caused by the acts of the defendants, and their agents, as described herein.

**COUNT TWO**

**Conversion**

37. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "36" herein above, with the same force and effect as if fully set forth at length herein.

38. The defendants exercised, and continue to exercise, wrongful dominion and control over the plaintiff's vehicle by refusing to release it to the plaintiff.

39. The plaintiff has suffered damages by virtue of the loss of use of his vehicle and the loss of his ability to use his vehicle to engage in his chosen field of employ, causing an additional loss of income to the plaintiff.

## Monell Liability

40. The Due Process constraints with which the NYCPD is required to comply when making warrantless seizures of motor vehicles, and thereafter retaining continuous possession of same, were explicitly pronounced to the City of New York and the NYCPD by both the United States Court of Appeals, and the United States District Court, Southern District of New York in Krimstock v. Kelly, 306 F3d. 40 (2nd Cir. 2002) more than twenty (20) years ago, and invariably since then in Krimstock v. Kelly, 506 F. Supp.2d 249 (2007); Somerville v. Wright, 2014 WL 794275; Ezagui v. City of New York, 726 F.Supp.2d 275 (2010)

41. The fact that detectives employed by the NYCPD in 2023 are still failing to comply with the requirements explicitly dictated to both the City and the NYCPD by federal courts more than twenty years ago, constitutes a willful and deliberate disregard for the United States Constitutional rights of vehicle owners, inclusive of the plaintiff, and concomitantly, the defendant City of New York is liable to the plaintiff for the damages sustained by the plaintiff, and for the return of his vehicle.

42. Contemporaneously, both the City of New York and the NYCPD have failed to train and/or properly supervise their Detectives and Officers as to the clearly established requirements of Krimstock and its progeny.

43. It is beyond clearly established law that police departments cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

44. Defendants Zupo and Courtney, both of whom are "detectives" employed by the NYCPD, were not trained and/or were not supervised to understand that they could not seize and thereafter retain continuing possession of the plaintiff's motor vehicle for more than eight months, without a warrant, or any exception to the warrant requirement.

45. Such failures to train and/or supervise have caused the plaintiff to be deprived of the use and possession of his motor vehicle without *Due Process* of law, in violation of his U.S. Constitutional rights.

46. Because the actions described herein, and the resultant injuries sustained by the plaintiff occurred as a result of the City's complete and utter failure to train and supervise defendants Zupo and Courtney herein, the defendant City of New York is a "person" liable to the plaintiff under 42 U.S.C. §1983.

## COUNT III

## *DUE PROCESS* CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive *Due Process* - 42 U.S.C. §1983)

47. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "46" herein above, with the same force and effect as if fully set forth at length herein.

48. At all times described herein, the plaintiff was vested of constitutionally protected property rights in the use and possession of his motor vehicle.

49. As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the plaintiff's rights to substantive due process, as guaranteed to the plaintiff under the Fourteenth Amendment of the United States Constitution.

50. More specifically, the defendants refused to release the plaintiff's motor vehicle while failing to afford the plaintiff due process by failing to do what multiple federal courts have explicitly ruled the NYCPD must do, to comport with the requirements of Due Process.

51. All of the injuries described herein above were actually and proximately caused by the acts of the defendant described herein.

52. The aforesaid defendant's violation of the plaintiff's *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

53. Having violated the plaintiff's Constitutionally protected rights deliberately and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof, the defendants are liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendants, pursuant to 42 U.S.C. §1983.

**COUNT THREE**

**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

54. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "53" herein above, with the same force and effect as if fully set forth at length herein.

55. As described herein above, the defendants have violated and continue to violate the plaintiff's constitutional right to *Due Process* by depriving the plaintiff of the use and possession of his motor vehicle without *Due Process*.

56. The defendants have continued, and continue such ongoing deprivations despite the fact that no reasonable Police Officer, Detective, or Inspector could reasonably believe that they could retain continuing possession of the plaintiff's vehicle while violating the constraints of the *Due Process Clause* of the 14th Amendment as were laid bare within Krimstock and its progeny.

57. Despite the same, the defendants: (a) ongoing refusal and failure to comply with the dictates of Krimstock, (b) continuing refusal to release the plaintiff's motor vehicle continues at present, and (c) continuing violation of the plaintiff's rights, persist to date.

58. As such, there is an actual controversy over which this Court possesses jurisdiction.

59.     Given the foregoing, the plaintiff seeks (a) a declaratory judgment, adjudging that such practices on the part of the defendants are unconstitutional, that the continuing deprivation of the plaintiff's rights is unconstitutional, and (b) affirmative injunctive relief, in the form of a Court Order ordering the defendants to release the plaintiff's motor vehicle immediately.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff requests that the Court render judgment:

### Under COUNT ONE

(a)   Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b)   For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(d)   For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e)   For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f)   For such other and further relief as this Court may deem just and proper.

**Under COUNT TWO**

(a)  Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b)  For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(d)  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e)  For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f)  For such other and further relief as this Court may deem just and proper.

**Under COUNT THREE**

(a)  Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b)      For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(d)      For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e)      For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f)      For such other and further relief as this Court may deem just and proper.

## Under COUNT FOUR

### Declaratory Judgment and Injunctive Relief

(a)      A judgment of the Court Adjudging and declaring that the defendants' practices described herein above are violative of the 4th and 14th Amendments; and

(b)      Enjoining the defendants from continuing to maintain such constitutionally infirm practices; and

(c)      For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)      For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)      For such other and further relief as this Court may deem just and proper.

Dated: Merrick, New York
April 3, 2024

                         Yours etc.,

                         Campanelli & Associates, P.C.

                By:   /s/ *Andrew J. Campanelli*
                        Andrew J. Campanelli
                        *Attorneys for Plaintiff*
                        1757 Merrick Avenue, Suite 204
                        Merrick, New York 11566