

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/2024

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ALEXANDRA CORSI
Senior Counsel
Tel: (212) 356-××××
acorsi@law.nyc.gov

June 13, 2024

MEMO ENDORSED
6/20/24
So Ordered
[signature]

**BY ECF**
Honorable Judge Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Hamilton v. The City of New York et. al.,
1:24-CV-02550 (CM)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the supervising attorney handling the defense of this matter.[1] For the reasons set forth below, as Defendant City intends to Move to Dismiss the Complaint pursuant to Fed. R. Civ. Pr. 12(b)(6), I write to respectfully request: (1) that defendant City be relieved of its obligation to file a proposed discovery schedule, which is due to be filed today; (2) an adjournment, sine die, of the June 27, 2024 initial conference; and (3) the Court's endorsement of the below proposed briefing schedule for the City's anticipated Rule 12 motion to dismiss. Plaintiff's counsel, Andrew Campanelli, consents to these requests and the deadlines set forth in the proposed briefing schedule.

By way of background, Plaintiff Denaro Hamilton bring this § 1983 action against the City of New York and Police Officers Brian Zupo and Winston Courtney alleging, *inter alia*, that on

---

[1] This case has been assigned to Assistant Corporation Counsel Anumeha Tanya, who is admitted to the New York State Bar but is in the process of seeking admission to the Southern District of New York. Ms. Tanya is handling this matter under my supervision and may be reached directly at (212) 356-5052 or atanya@law.nyc.gov.

1

July 23, 2021, his car was seized by the New York City Police Department ("NYPD") "without a warrant or any exception to the warrant requirement." *See* Compl., ¶¶ 5, 21. Plaintiff alleges that since that seizure, his car has been in the possession of the NYPD for the last eight (8) months, that he has contacted the NYPD multiple times for its release, and that, as a result, he has been deprived of the use and possession of said car. *See* Compl. ¶¶22-23. Plaintiff further alleges that the NYPD has no basis for retaining continuous possession of his vehicle, "as there is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants violated the plaintiff's constitutional rights by affording the plaintiff no pre-seizure notice, pre-seizure hearing or post seizure hearing." *See* Compl. at ¶ 6.

As Your Honor may recall, on May 15, 2024, the City's request for an extension of time, until July 8, 2024, to respond to the complaint was granted.[2] (Docket Entry No. 15). After learning that Plaintiff was recently arrested and is now being prosecuted for a crime, which ultimately relates to the seizure of his car, it is the City's position that Plaintiff's complaint cannot survive a Rule 12 motion to dismiss. In light of the Court's Individual Motion Practices and Rules, which does not require a pre-motion letter or conference for a Rule 12 motion, it is respectfully requested that the Court endorse the following proposed briefing schedule:

- August 7, 2024– deadline for Defendants to file and serve their Rule 12(b)(6) initial moving papers;

- September 6, 2024 – deadline for Plaintiff to file and serve his opposition papers;

- September 20, 2024– deadline for Defendants to file and serve their reply.

As noted above, the current deadline for the City to respond to the complaint is July 8, 2024. Defendant City, however, requests an additional 30 days, until August 8, 2024, to file their Motion to Dismiss because it was only in the past week that we learned information regarding the pending criminal prosecution and therefore need additional time to fully prepare their motion to dismiss. Moreover, ACC Tanya, who is the attorney handling this matter, is currently scheduled to be out of the office multiple days during the weeks of July 8, 2024 and July 15, 2024 for a required training; accordingly, it is respectfully requested that defendants be provided until August 7, 2024 to file their initial moving papers.

Additionally, with respect to the deadline for Plaintiffs' opposition, Plaintiffs' counsel has advised that he requires until September 6, 2024 to respond to Defendants' motion as he has a few motions pending during the month of August.

---

[2] In the City's application, it was noted that, according to the docket sheet, defendant Officers Zupo and Courtney were served on April 30, 2024, and that it was the hope that the Court would *sua sponte* grant them a corresponding extension of time to answer so that this Office could have adequate time to resolve representation with them. While representation has not yet been resolved, it is anticipated that the Officers Zupo and Courtney will be joining in the City's anticipated motion to dismiss.

2

In light of the anticipated fully dispositive Rule 12 motion to dismiss, it is respectfully requested that the Court: (1) relieve the parties of its obligation to file a proposed discovery plan; (2) adjourn the June 27, 2024 initial conference *sine die*; and (3) endorse the motion schedule set forth above. We thank the Court for its consideration of the within request.

                                      Respectfully submitted,

                                      */s/ Alexandra Corsi*

                                      Alexandra Corsi
                                      *Senior Counsel*
                                      Special Federal Litigation Division

cc:    **By ECF**

        Andrew J. Campanelli
        Campanelli & Associates P.C.
        1757 Merrick Avenue, Suite 204
        Merrick, NY 11566
        Ph: (516) 746-1600
        Fx: (516) 746-1600
        Email: ecf@campanellipc.com