UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

DENARO HAMILTON

                Plaintiff,

vs.                                                                                           24 Civ. 2550 (CM)

THE CITY OF NEW YORK,
BRIAN J. ZUPO, individually, and
WINSTON I. COURTNEY, individually,

                Defendants.

-------------------------------------------------------------- x

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

McMahon, J.:

    This is an action brought by Denaro Hamilton, pursuant to 42 U.S.C. § 1983, for deprivation of rights protected by the Fourth, Fifth, and Fourteenth Amendments. Plaintiff alleges that Defendant City of New York and the officers of the New York Police Department made a warrantless seizure of his vehicle on or about July 23, 2023, Dkt. No. 1, ¶¶ 3, 20, and that Defendants have retained Plaintiff's vehicle since that date despite Plaintiff's repeated demands for release, *id.*, ¶¶ 21-22. Defendants' move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

    For the reasons stated below, Defendants' motion to dismiss is GRANTED. Plaintiff's procedural due process claim is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. The remainder of Plaintiff's claims are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff Denaro Hamilton alleges the following and only the following facts: On or about July 23, 2023, Defendant Detectives Zupo and Courtney made a warrantless seizure of Hamilton's vehicle that was parked on the street. Dkt. No. 1, ¶ 3. Hamilton alleges that the vehicle was seized "without…any exception to the warrant requirement." *Id.* ¶ 5. He further alleges that the City still has the vehicle even though he and his attorney have "made repeated requests for the release of his vehicle" and that "his requests have been ignored by [Defendants]." Dkt. No. 1, ¶ 6. Plaintiff provides the Court with no further allegations—not whether Plaintiff received notice by mail of his right to a hearing, whether he actually requested a hearing, whether he received notice of an *ex parte* retention order for his vehicle or any communication at all from Defendants.

Plaintiff brings this civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees for, *inter alia,* deprivation of property without due process and conversion. Dkt. No. 1. In the instant motion, Defendants move to dismiss Plaintiff's action, pursuant to Fed. R. Civ. P. 12(b)(6).

The Court has some additional factual information in the record on the City's motion to dismiss. However, that material cannot be considered in connection with such a motion. Only the four corners of the Complaint are relevant.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff,"

but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Dig., LLC v. Armstrong*, No. 20-cv-4313 (CM), 2020 WL 6064156, at *4 (S.D.N.Y. Oct 14, 2020) (quoting *Twombly*, 550 U.S. at 555). Where a plaintiff fails to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Court has no choice but to grant Defendants' motion to dismiss, because the Complaint is woefully deficient in terms of allegations of fact.

*First,* Hamilton fails to allege the facts necessary to bring a procedural due process claim. He rightly notes that the Second Circuit has articulated specific requirements related to the process due the owner of a vehicle seized for the purposes of forfeiture or pursuant to an ongoing criminal investigation. Dkt. No. 1, ¶¶ 25, 40. The vehicle owner has a right to a hearing and must receive notice of that right. *See Krimstock v. Kelly,* 99 Civ. 12041 (HB), 2007 U.S. Dist. LEXIS 82612 (S.D.N.Y. October 1, 2007). Hamilton speculates that his vehicle was seized for the purpose of forfeiture,[1] but he provides the Court with neither context nor the basis for this belief, Dkt. No. 1, ¶ 25.

---

[1] His speculation would appear to be correct; the City's motion papers reveal that the vehicle was seized without a warrant during an investigation into a shooting. Surveillance camera footage revealed that a car identical to Plaintiff's and bearing license plates assigned to a car registered to Plaintiff, was used by the shooter, who emerged from the vehicle and shot the victim. A search warrant subsequently issued based on these facts. None of this is pleaded in the Complaint. Obviously, when Plaintiff repleads his claim, he is free to use information that the City has provided to him in connection with the motion to dismiss in order to state a viable claim. Dkt. No. 29-1.

Regardless, to state a claim under *Krimstock,* Hamilton must allege that he did not receive the *process* required by *Krimstock.* For example, Hamilton may not have received notice of his right to a hearing, or any notice may have been untimely. These allegations are necessary for Hamilton to bring an actionable due process claim under *Krimstock*.

Furthermore, this information is necessary to determine whether Plaintiff has sued the appropriate defendant or defendants. For example, the executing officer is obligated to provide *Krimstock* notice to the vehicle owner—but only if the vehicle owner is present at the time of seizure. Hamilton does not plead facts tending to show whether he was present when the car was seized. Similarly, it is possible that some other person or unit within the Police Department is tasked with responding to the owner's request for a *Krimstock* hearing. Simply saying that Hamilton did not receive a "prompt 'retention hearing,'" Dkt. No. 1, ¶ 25, or that his "requests for the release of his vehicle…have been ignored," *id.* ¶ 6, is not enough to state a claim.

In sum, Hamilton *may* have a viable procedural due process claim against *some* defendant—but not as pleaded in the Complaint. Fed. R. Civ. P. 15(a)(2) states that, "The court should freely give leave [to amend] when justice so requires." For that reason, I am granting Hamilton twenty (20) business days to amend his Complaint, should he choose to do so.

*Second,* Hamilton has insufficiently alleged a claim for the state law tort of conversion because Hamilton did not file a notice of claim, as required by state law. Pursuant to New York General Municipal Law §§ 50–e and 50–i, a plaintiff who asserts state law claims against a municipal entity or its employees must file a notice of claim against the City within 90 days of the occurrence giving rise to the claim, and then must commence the action within a year and ninety days. *Baez v. New York City Health and Hospitals Corp.,* 80 N.Y.2d 571, 576 (1992). A plaintiff's failure to file a notice of claim requires dismissal of pendent state tort claims against City

employees in a federal civil rights action such as this one. *Felder v. Casey,* 487 U.S. 131, 151 (1988).

New York's Court of Appeals has held that the "[p]laintiff must…plead in his complaint that he has served a notice of claim." *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 61–62 (1984). And because the filing of a notice of claim is jurisdictional, 62 N.Y.Jur.2d § 271 (1987), complaints are routinely dismissed on motion when the City moves on the basis of failure to file a notice of claim and the Plaintiff does not demonstrate that he has complied with this requirement. *See e.g., Duran v. City of New York*, No. 96 CIV 4219 MBMHBP, 1999 WL 294989, at *3 (S.D.N.Y. May 10, 1999). In this case, the City has so moved and Hamilton has not rebutted the City's showing. Therefore, his state law claim is dismissed with prejudice.

*Finally,* Hamilton has insufficiently alleged a claim for violation of substantive due process, so that claim, too, must be dismissed. To state a claim for substantive due process, a plaintiff must allege that: (1) he had a valid property interest and (2) the defendant infringed on that property right in an arbitrary or irrational manner. *See Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of N.Y.,* 746 F.3d 538, 545 (2d Cir. 2014). Hamilton's pleading contains no factual allegation that could possibly satisfy the second element of a substantive due process claim. A plaintiff meets the second prong of the substantive due process test "only when government acts with *no* legitimate reason for its decision." *Crowley v. Courville,* 76 F.3d 47, 52 (2d Cir. 1996) (emphasis added). Hamilton has not alleged any facts tending to show that the car was seized for no legitimate reason.

This claim must be dismissed with prejudice because repleading would be futile. Federal courts are empowered to take judicial notice of state court records and decisions, *see* Fed. R. Evid. 201(b), and so I note that, a week after the car was seized, the Supreme Court of the State of New

York (Kings County) issued a Search Warrant and an Order of Seizure for Plaintiff's vehicle. Dkt. No. 29-1. The warrant's contents, while not relevant to the original motion to dismiss, can be considered in deciding whether to grant leave to replead. And given the contents of the affidavit filed in support of the search warrant, *see* Dkt. No. 29-1, there is no way Hamilton could plead facts tending to show that seizure of the car was "arbitrary, conscience-shocking, or oppressive in the constitutional sense." *Ferran v. Town of Nassau,* 471 F.3d 363, 369-70 (2d Cir.2006). Therefore, leave to replead the substantive due process claim is denied.

## CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED. Plaintiff's procedural due process claim is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. Plaintiff's other claims are DISMISSED WITH PREJUDICE.

Plaintiff has twenty (20) business days from the date of this Decision and Order, or until March 6, 2025, to file an amended complaint. If Plaintiff fails to file such an amended complaint within twenty (20) business days, this case will be closed without the need for any additional motion practice.

This constitutes a written opinion. The Clerk is directed to remove the motions at Dkt. Nos. 23, 24 and 25 from the Court's list of open motions.[2]

---

[2] It appears that the motion to dismiss appears on the docket three times. It is all the same motion.

Dated: February 5, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL