UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

DENARO HAMILTON

        Plaintiff,

vs.                                                                    24 Civ. 2550 (CM)

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, BRIAN J. ZUPO,
individually, and WINSTON I. COURTNEY,
individually,

        Defendants.

——————————————————————————x

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

McMahon, J.:

This case arises from the warrantless seizure[1] and prolonged retention of a motor vehicle

belonging to Plaintiff Denaro Hamilton ("Plaintiff"). Hamilton brings this action under 42 U.S.C.

§ 1983, alleging that the City of New York, New York City Police Department, and New York

City Police Department Detectives Brian Zupo and Winston Courtney (collectively, "Defendants")

---

[1] I am advised that a search warrant for Plaintiff's vehicle was signed by Honorable Donald Leo of Kings County Supreme Court on July 31, 2023 – eight days after the vehicle's seizure. The warrant is mentioned in the City's motion to dismiss, Dkt. No. 45-1 at 2; *see also* Dkt. No. 45-2, Ex. A; Dkt. No. 52-1, Ex. B, but it was not referenced in or attached to the complaint. It thus cannot be considered in connection with a motion to dismiss. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (limiting review on a motion to dismiss "to the allegations contained within the four corners" of Plaintiff's complaint). The existence of a warrant may provide the City with a defense, but defenses rarely result in the dismissal of a complaint for failure to state a claim – although I note that, in this case, the contents of the warrant informed this court's decision to dismiss plaintiff's original substantive due process claim with prejudice and without leave to replead. Dkt. No. 34 at 5-6 (taking judicial notice of said warrant).

deprived him of property without due process of law, in violation of the Fourth, Fifth, and Fourteenth Amendments.

The original complaint in this action, Dkt. No. 1, was dismissed on February 5, 2025, because the Plaintiff failed to plead facts necessary to demonstrate that he had suffered a deprivation of his procedural due process rights as guaranteed by *Krimstock v. Kelly,* 99 Civ. 12041 (HB), 2007 U.S. Dist. LEXIS 82612 (S.D.N.Y. October 1, 2007). The procedural due process count was dismissed without prejudice and with leave to replead. The other two counts pleaded in the original complaint – for common law conversion and violation of substantive due process – were dismissed with prejudice and without leave to replead. Dkt. No. 34.

According to the Amended Complaint, on or about July 23, 2023, Detectives Zupo and Courtney seized Hamilton's vehicle without a warrant. Compl. ¶¶ 3, 5, 19.[2] Despite Hamilton's repeated efforts to recover his property – including numerous written and verbal demands – the vehicle remained in NYPD custody for over eighteen (18) months. *Id.* ¶ 20.

Plaintiff filed his original complaint on April 3, 2024, seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees for, *inter alia,* deprivation of property without due process and conversion. Dkt. No. 1. On February 5, 2025, this Court granted Defendants' motion to dismiss, finding the procedural due process claim insufficiently pled but allowing Plaintiff leave to amend. Dkt. No. 34 at 1, 6.

Plaintiff filed an amended complaint on February 10, 2025, again asserting that Defendants' seizure and continued retention of his vehicle violated his right to due process. The amended pleading seeks compensatory and injunctive relief, as well as attorneys' and expert fees. Compl. ¶¶ 9, 39.

---

[2] "Compl." refers to the Plaintiff's amended complaint filed on February 10, 2025. Dkt. No. 35-1.

In short, Hamilton alleges that his car was taken and kept by the police for more than 18 months, that the care was taken for an improper purpose, and that he was not afforded meaningful procedural due process following the taking.

Insofar as it pleads a claim against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the complaint alleges that it is the policy and practice of the City not to train or supervise its officers to comply with their obligations under *Krimstock* and its progeny, which policy and practice resulted in the wrongful retention of his vehicle for 18 months as a result of the failure of the seizing officers – Defendants Zupo and Courtney – to follow the rules.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff," but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Dig., LLC v. Armstrong*, No. 20-cv-4313 (CM), 2020 WL 6064156, at *4 (S.D.N.Y. Oct 14, 2020) (quoting *Twombly*, 550 U.S. at 555). Where a plaintiff fails to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

For the reasons stated below, Defendants' motion to dismiss is DENIED except as to Defendant Zupo and the New York City Police Department, whose motions to dismiss are GRANTED.

## BACKGROUND

Plaintiff Denaro Hamilton alleges the following facts in his Amended Complaint:

On or about July 23, 2023, Detectives Zupo and Courtney (the "executing officers") seized Plaintiff's motor vehicle "without a warrant or any exception to the warrant requirement" and had it towed to an undisclosed location under NYPD control. Compl. ¶ 3, 5. Plaintiff maintains he was given no notice or opportunity to contest the seizure despite "multiple written demands from plaintiff for the release of his vehicle." *Id.* ¶¶ 6-7, 20, 27. Plaintiff asserts that his repeated requests have gone unanswered. *Id.* ¶¶ 6, 20.

Plaintiff pleads that the police had no basis to seize his car and that the vehicle was seized for the sole purpose of forfeiture, *Id.* ¶7, which entitled him to a prompt "retention hearing" in accordance with the Second Circuit's ruling in *Krimstock v. Kelly,* 306 F.3d 40 (2d Cir. 2002). As noted in n.1, the Plaintiff (perhaps understandably) fails to plead that the police (in the person of Detective Courtney) did obtain a warrant some days following their seizure of the car – a warrant application this court has reviewed, and which I have already found sets forth probable cause (not "no reason") to seize the car, as part of an investigation into an attempted murder by shooting, which was perpetrated (on video) by the driver of the very car Plaintiff claims to own. However, that information arises by way of defense. Plaintiff does plead that he received no notice of any application for a court order allowing the police to retain the vehicle following its seizure, and that he was afforded no opportunity to contest the continuing retention of his vehicle. *Id.* ¶¶ 27-30.

[T]he procedural component [of the due process clause] bars 'the deprivation by state action of a constitutionally protected interest in life, liberty, or property . . . without due process of law.'" *Walker v. Mattingly*, No. 09-cv-845, 2012 WL 1160772, at *5 (W.D.N.Y. Apr. 5. 2012) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). "'To award damages under 42 U.S.C. § 1983 for an alleged violation of procedural due process, a court must fund that, as the result of conduct performed under color of state law, the plaintiff was deprived of life, liberty, or property without due process of law.'" *Id.* (quoting *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996)).

The two threshold questions in any § 1983 claim for denial of procedural due process are "(1) whether [plaintiff] possessed a liberty or property interest and, if so, (2) what process [plaintiff] was due before he could be deprived of that interest." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see, e.g., Ciambriello v. Cnty. Of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002); *Russell v. Coughlin*, 910 F.2d 75, 77 (2d Cir. 1990); *Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir. 1988); *Abascal v. Bellamy*, No. 10-cv-1406, 2011 WL 2436931, at *3 (S.D.N.Y. Jun. 8, 2011).

## DISCUSSION

### I.      Property Interest

There is no serious dispute that Hamilton held a property interest in his vehicle. An "individual has an important interest in the possession of his [or her] motor vehicle," which is "often his [or her] most valuable possession." *Krimstock v. Kelly*, 306 F.3d 40, 61 (2d Cir. 2002) (quoting *Lee v. Thornton*, 538 F.2d 27, 31 (2d Cir. 1976)); *see also Perry v. McDonald*, 280 F.3d 159, 174 (2d Cir. 2001) (noting that an individual's interest in driving a vehicle represents a due process concern). Plaintiff has pleaded the first prong of his procedural due process claim.

## II.    Process Due

Plaintiff's original complaint was deemed deficient for failure to plead any facts implicating either officer in any *Krimstock* violation. The amended complaint is far from a model of perfect pleading, but it crosses the line into plausibility. Specifically, the complaint identifies Zupo and Courtney as the officers who seized the car. It is fair to infer that, as the seizing officers, they were responsible for taking the necessary steps to comply with *Krimstock*. And while the complaint does not specifically identify them as the individual(s) who failed to give him the requisite notice, I know, from the facts that are pleaded and from the City's own motion papers (as well as its motion papers on the previous motion to dismiss), that Defendant Courtney swore out the affidavit that was used to obtain the warrant that eventually issued (some days after the seizure of the car). The Plaintiff alleges that he was not provided with notice of that (or any) application to a court for permission to hold the car, nor was he given any opportunity to contest it. He further pleads that this violated *Krimstock*.

While Plaintiff undoubtedly should have identified Courtney in his complaint as the officer who failed to failed to provide him with notice – especially since the City had identified him as that officer by attaching the warrant application to its previous motion to dismiss – I decline to dismiss the procedural due process count as to Detective Courtney. I will not stick my head in the sand here; I would be required to give Plaintiff leave to amend yet again and I prefer to get to the merits of this case as against Detective Courtney.

However, Plaintiff has not pleaded any facts that would tend to implicate Detective Zupo in the alleged *Krimstock* violation, and the City has not offered any evidence tending to show that he was involved in any such violation. Zupo's motion to dismiss the amended complaint is,

therefore, GRANTED. Furthermore, because Plaintiff has already been granted leave to amend,

he will not be afforded a third bite at the apple; dismissal as to Zupo is with prejudice.

### III.    The Monell claim

Under *Monell v. Department of Social Services*, § 1983 liability cannot rest solely on

respondeat superior. 436 U.S. 658, 690-91; *Sarus v.* Rotundo, 831 F.2d 397, 400 (2d Cir. 1987).

Rather, a plaintiff must allege that a municipal policy or custom caused the deprivation of his

constitutional rights. *Lloyd v. City of New York*, 43 F.Supp.3d 254, 269 (S.D.N.Y. 2014) (citing

*Monell*, 436 U.S. at 690). The Second Circuit has established a two prong test that a pleader must

pass before recovering from a municipality. *See generally Moray v. Yonkers*, 924 F.Supp. 8, 12

(S.D.N.Y. 1996). First, the plaintiff must allege "the existence of a municipal policy or custom in

order to show that the municipality took some action that caused his injuries. Second, the

plaintiff must establish a causal connection—an "affirmative link"—between the policy and

deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d

Cir. 1985).

Plaintiff Hamilton has pleaded a *Monell* claim successfully; he pleads that the City had a

long-standing practice of violating *Krimstock*, and of failing to train its officers in how not to

violate *Krimstock*. That is the quintessence of a *Monell* claim.

However, Plaintiff's claim against the New York City Police Department must be

dismissed. New York City Charter § 396 states, "All actions and proceedings for the recovery of

penalties for the violation of any law shall be brought in the name of the city of New York and

not in that of any agency, except where otherwise provided by law." *See also Jenkins v. City of*

*New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (noting the lower court properly recognized that

the NYPD is a "non-suable agency of the City."). The City of New York – but not New York

City Police Department – remains a proper defendant for purposes of Plaintiff's *Monell* claim. The NYPD is not a suable entity. The complaint is dismissed as to it.

## IV.    Availability of State Remedies

While Defendant's motion to dismiss must be denied because the complaint adequately pleads claims against Courtney and the City, I need to address Defendant's argument that Plaintiff's claim must fail because he neither pursued nor exhausted available state remedies – specifically an Article 78 proceeding. Dkt. No. 45-1 at 7.

It is true that when a deprivation results from a random, unauthorized act by a state employee, post-deprivation remedies such as an Article 78 proceeding generally satisfy due process. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996); *Clark v. Dominique*, 798 F. Supp. 2d 390, 401 (N.D.N.Y. 2011).  However, where the deprivation flows, not from a random act, but from *systemic practices* or established procedures, the availability of post-deprivation remedies does not by itself satisfy due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *see also Hellenic*, 101 F.3d at 880 ("When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, *ipso facto*, satisfy due process."); *Van Oss v. New York*, 783 F.Supp.2d 681, 695 (S.D.N.Y. 2011) ("[W]here the deprivation is systemic, litigants have a well-established right to pursue their claims in federal court without resorting to state judicial remedies.").

In *Reyes v. County of* Suffolk, a vehicle owner filed suit after the county retained his vehicle in connection with the arrest of the owner's uncle for operating the vehicle without a license. 995 F.Supp.2d 215, 222 (E.D.N.Y. 2014). The Plaintiff never commenced an Article 78 proceeding. Defendant, as is true in the instant case, argued Plaintiff was required to first

challenge the retention under an Article 78 proceeding. *Id.* at 227. In siding with the Defendant,

the Court noted the deprivation was alleged to be "systemic as opposed to random," which meant

that there was no requirement for Plaintiff to proceed via an Article 78 proceeding. *Id.* at 228.

*Reyes* is on all fours with this case. Plaintiff here alleges that the NYPD's practice of

seizing and retaining vehicles without prompt hearings – and its practice of failing to train its

police officers in their responsibilities under *Krimstock* – is a systemic policy. Compl. ¶¶ 43-44.

Indeed, I have ruled that the Plaintiff has properly pleaded a *Monell* claim against the City on

that basis. Therefore, the Defendant's argument that the Plaintiff was required to proceed via

Article 78 is rejected.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED as to the

Defendants Courtney and the City of New York. It is GRANTED as to Detective Zupo and the

New York City Police Department. Since Plaintiff has already been given leave to amend and the

court has no information tending to show that Zupo (unlike Courtney) was responsible for any

procedural due process violation, his motion to dismiss is granted WITH PREJUDICE and

without leave to replead.

Nothing in this opinion precludes the City from moving for summary judgment as soon

as it believes it has the ability to do so. I would very much like to hear the rest of the story of its

investigation into the attempted murder of one Kimon Campbell.

The Clerk of the Court is respectfully directed to remove the motion at Docket No. 45

from the Court's list of open motions.

This is a written opinion.

Dated: October 20, 2025

_____

U.S.D.J.

BY ECF TO ALL COUNSEL